57 F.3d 1084
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William L. JACKSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3233.
 United States Court of Appeals, Federal Circuit.
 June 9, 1995.
 
 Before MICHEL, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 William L. Jackson seeks review of the decision of the Merit Systems Protection Board (Board) in Docket Number NY-0831-95-0104-I-1.[1] In its decision, the Board affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying Mr. Jackson's request to make a deposit into the Civil Service Retirement and Disability Fund (CSRF) in order to receive credit for his post-1956 military service under 5 U.S.C. Secs. 8332(j) and 8334(j). We affirm.
 
 DISCUSSION
 
 2
 A civil service annuitant who retires after September 7, 1982, is entitled to credit for active duty military service performed after 1956 under both the Civil Service Retirement System (CSRS) and the Social Security System, but only if the annuitant deposits with the CSRF an amount equal to seven percent of his or her total post-1956 military pay. 5 U.S.C. Secs. 8332(j), 8334(j) (1994); Collins v. Office of Personnel Management, 45 F.3d 1569, 1570-71 (Fed.Cir.1995). This deposit must be made "before the date of retirement or before the date OPM takes final action on the retirement application." Collins, 45 F.3d at 1571; see 5 C.F.R. Sec. 831.2107(b)(1) (1995).
 
 
 3
 Mr. Jackson retired from the Postal Service in July, 1989 at the age of 57. Upon his retirement, he began receiving a civil service retirement annuity. In addition, he became eligible to receive Social Security benefits based upon post-1956 military service, upon reaching age 62. In 1987, prior to his retirement, OPM sent Mr. Jackson a notice informing him of the amount he would have to deposit in order to maintain his full Civil Service annuity after he was 62. In October of 1989, OPM notified Mr. Jackson that, because he had failed to make the deposit required to maintain his full Civil Service retirement annuity, it would recompute his annuity to exclude credit for his post-1956 military service when he became 62. On September 8, 1994, two months after his 62nd birthday, Mr. Jackson asked OPM that he be allowed to tender the deposit required to restore his annuity to its prior level. As noted above, OPM denied the request, and the Board affirmed the denial.
 
 
 4
 It is undisputed that Mr. Jackson did not deposit the required amount within the statutory time period, though he had notice as early as 1987 of his option to do so if he wished to continue to receive his full Civil Service annuity after turning 62. Because the pertinent statutes and regulations provide no grounds for waiver of the deposit deadline, Collins, 45 F.3d at 1573, the Board did not err in affirming OPM's reconsideration decision.
 
 
 
 [1]
 The December 23, 1994 initial decision of the administrative judge became the final decision of the Board when Mr. Jackson failed to file a petition for review